IN THE UNITED STATES COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION AT DAYTON



WARREN EASTERLING

71 ARLINGTON AVE.

DAYTON, OH. 45417

  937-263-1913

   Plaintiff

**3 : 19 cv  - 40**

WALTER H. RICE

MICHAEL J. NEWMAN

  VS.

WALTER H. RICE

200 W. SECOND ST., ROOM 909

DAYTON, OH. 45402

    AND

MICHAEL J. NEWMAN

200 W. SECOND ST., ROOM 505

DAYTON, OH. 45402

    AND

  THOMAS M. ROSE

 200 W. SECOND ST., ROOM 910

DAYTON, OH. 45402

    AND

COMPLAINT FILED BY PLAINTIFF

WITH TWO FEDERAL QUESTIONS

1

MARK S. MADDOX

987 S. HIGH ST.

COLUMBUS, OH. 43206

    AND

 EDMUND A. SARGUS JR.

85 MARCONI BLVD., Rm. 301

COLUMBUS, OH. 43215

    AND

MATTHEW HOROWITZ

ASISTANT UNITED STATES ATTORNEY

221 E. FOURTH ST, SUITE 400

CINCINNATI, OH. 45202

    AND

MARK T. D'ALLESSANDRO

ASSISTANT UNITED STATES ATTORNEY

303 MARCONI BLVD., SUITE 200

COLUMBUS, OH. 43215

    AND

 ANN  YACKSHAW

 30 EAST BROAD ST., 16th FLOOR

CONSTITUTIONAL OFICES SECTION

COLUMBUS, OHIO 43215

    And

Timothy S. Black

Potter Stewart U.S. Courthouse

100 East Fifth St., Rm. 815

Cincinnati, Oh. 45202

    AND

ALGENON MARBLEY

85 MARCONI BLVD., RM.319

COLUMBUS, OH. 43215

    AND

WILLIAM B. KING, II

221 E. FOURTH ST., SUITE 400

CINCINNATI, OH. 45202

    AND

SHARON L. OVINGTON

200 W. SECOND ST., RM 523

DAYTON, OH. 45402

    AND

BRIAN SPIESS

MONTGOMERY, RENNIE AND JONSON

36 E. SEVENTH ST., SUITE 2100

CINCINNATI, OH. 45202

LINDA L. WOEBER

MONTGOMERY, RENNIE AND JONSON

36 E. SEVENTH ST., SUITE 2100

CINCINNATI, OH. 45202

     AND

DONALD J. TRUMP

221 E.  FOURTH ST., SUITE 400

CINCINNATI, OH. 45202

   Defendants

The Plaintiff, in his claims for relief, state the following:

1. In violation of Title 42 U.S.C. 1985  the Defendants have obstructed justice and deprived the Plaintiff of his rights in a conspiracy.

2.  In violation of Title 42 U.S.C. 1985 the Defendant obstructed justice and deprived the Plaintiff of his right to injunctive relief as stated in F.R.C. P. Rule 65B.

3. In violation of 28 U.S.C. 144, the Defendant has failed to recuse himself.
4. In violation of 42 U.S.C. 1985,The Defendant dismissed a complaint in violation of governing case law.
5. In violation of  Trop v. Dulles :: 356 U.S. 86 (1958) , The defendants have stripped away the Plaintiff's citizenship by taking away his right to have rights and his right to win a case in a court of law.

## JURISDICTION

In accordance with Title 28 U.S.C. 1331 the instant case is properly filed in the U.S. district court where a federal question will be filed to support the Plaintiff's claims of his rights being violated.

## LIABILITY

All Defendants are individually liable  and stripped of their official capacities as Judge and U.S. Attorney General in accordance with the ruling in ***Ex Parte Young 209 U.S. 123(1908)*** using **the stripping doctrine**.

The doctrine of **respondeat superior** will confirm the attorney general is responsible for the actions of his subordinate judges.

IMMUNITY

The instant complaint is being filed as a **Bivens** action where the Defendants will face the complaint as individual citizens stripped of their official capacities as judge and attorney general.

The claims against Donald J. Trump are in reference to his position and responsibility as president of the United States in regards to the Department of justice to enforce the law and to protect the legal interest of the United States of America.

PROCEDURAL POSTURE

The instant case is an original case filed in the federal district court, nonetheless, the Plaintiff has motioned for Judge Rice to recuse himself in case 3:18 cv 075 due to evidence of Judge Rice authoring a document (exhibit #1) to initiate a conspiracy against rights in regards to the Plaintiff's pursuit for justice in several cases.

The Plaintiff for his complaint, state the following,

All of the counts discussed herein confirm the violation of  .
Trop v. Dulles :: 356 U.S. 86 (1958) where stripping an American citizen of citizenship was a cruel and unusual punishment when imposed on a soldier who had deserted his Army unit during wartime for less than one day. Similarly, the stripping one's fundamental rights associated with citizenship is entirely the same as stripping one of citizenship itself placing the individual in a slave-like state.  Here, the Plaintiff is stripped of the right to have rights and the right to win a case in a court of law.

## COUNT ONE

On August 1, 2014 Judge Walter Rice illegally filed a fictitious court order, herein referred to as exhibit #1, in regards to a matter which was never properly place before the court using a fictitious case number and filed it in the clerk's office; There was no plaintiff who filed the case, no complaint and no service of process, nonetheless, the fictitious order was properly signed by Rice using his authority as judge. The "order" was obtained illegally and used for an illegal purpose.

Specifically, the order barred the Plaintiff from entering to federal building at 200 W. Second St. in Dayton, Ohio which house the clerk of courts where it is the Plaintiff's Constitutional right to enter this building where this would be free access to the courts without intimidation. The Plaintiff within this order is threatened with detainment and arrest if he should attempt entry. This would document the beginning of a conspiracy against rights lead by Defendant Walter H. Rice.

Second, the Plaintiff was declared a vexatious litigator on page 1 of exhibit #1 which federal law does not recognize due to it being unconstitutional and thirdly the Plaintiff was barred from filing cases with a motion to proceed in forma pauperis, a right associated with citizenship where this would obstruct justice and deprive one of rights.

On page three of exhibit #1 a list of judges are notified to dismiss the plaintiff's cases using The Rooker-Feldman Abstention Doctrine or res judicata to prevent the Plaintiff from obtaining justice through the court with any of the listed judges presiding over the case. The Federal Marshalls Service and court security are enlisted to participate in a conspiracy against right to obstruct justice. Additionally , stigmatizing a litigant as a vexatious litigator creates an animosity from   the court towards the Plaintiff and his cases aimed at obstructing justice and depriving one of rights  in the form of a conspiracy.

1A.   On September 17, 2018 the Plaintiff filed a motion for recusal(exhibit #2) in accordance with 28 U.S.C. 144 with exhibit #1 as supporting evidence and Judge Rice has failed to effectively dispute the authenticity of exhibit #1 and has failed to  recuse himself.   The evidence proves interest and a deep rooted prejudice against the Plaintiff.

B.   Defendant Michael Newman has recommended dismissal (see exhibit #6) of case 3:18 cv 075 caption Easterling vs. Lakefront Lines Inc. based upon a 12(B6) motion to dismiss which has no merit since the Lakefront admits to a termination of the Plaintiff, claims an exemption from paying overtime wages, admits to not paying overtime to any employee and Plaintiff's exhibit #13, a copy of the motor carrier act confirms the Lakefront Lines Inc. enjoys no exemption and has argued or proved no basis for terminating the Plaintiff's employment.

COUNT ONE


VIOLATION OF 28 U.S.C. 144

   VIOLATION OR 42 U.S.C. 1985, OBSTRUCTING JUSTICE AND DEPRIVING ONE OF RIGHTS GRANTED TO ALL CITIZENS.


1. The Defendants cannot dispute the Authenticity if Exhibit #1
2. The Defendant is guilty of authoring exhibit #1 where exhibit #1 proves interest and deep rooted prejudice against the Plaintiff.

3. Where 28 U.S.C. 144 confirms that if the motion for recusal is made in good faith, the Defendants must recuse themselves, the Defendant has failed to do so.
4. The Defendant's failure to recuse himself constitutes deprivation of rights and obstruction of justice.
5. The Defendant's conspiracy involves sabotaging each and every case and motion filed by the Plaintiff regardless of the merit in any filing.

THE DEFENDANT IS GUILTY OF VIOLATING 28 U.S.C.144. and 42 U.S.C. 1985

COUNT 2

2.

On March 13, 2018 with the filing of case 3:18 cv 075, the Plaintiff filed a motion for injunctive relief using Rule 65B of F.R.C.P. (see exhibit #3) where the rule specifically, as granted by the U.S. Supreme Court, grants injunctive relief as a right to any litigant without notification of the opposing party if the motion proves the likelihood of success and demonstrates irreparable losses. Instead of granting the motion immediately in accordance with the rule, the Defendant hands the motion to a magistrate who sets it up for argument by both parties and subsequently recommends denying the motion within document #6 on March 16 2018, without any argument from the opposing party. The court denied the motion on 5/08/2018 within Document #18 herein referred as **exhibit #5** where this act is a deprivation of rights.

The court argues the point of there being no irreparable losses corresponding to a loss of employment because the losses are likely to be recouped at the time of judgment. This case law is corrupt in that the losses being referred to in regards to the loss of employment are immediate and no later judgment will eliminate the immediate

(irreparable) losses sustained by an individual who has the presumption of innocence which confirms the Plaintiff must be assumed innocent until he is proved guilty of an act warranting termination. The court has no authority to violate Rule 65B which grants injunctive relief without notification of the opposing party or to violate **the Doctrine of the Presumption of Innocence** with its own corrupt opinion using corrupt case law in support.

Within the complaint, the Plaintiff argued and proved violation OF 29 U.S.C. 201 SECTION 207 otherwise known as the **Fair Labor Standards Act** and the Defendant in exhibit #12 admits to terminating the Plaintiff. The Defendant claimed an exemption to the Fair Labor Standards Act (FLSA) and admitted to not paying overtime wages due to the exemption. The Plaintiff, in his motion for injunctive relief, proved the Defendant enjoys no exemption, using **exhibit #13** a copy of the motor carrier act, and therefore is in violation where this proves the likelihood of success is 100%. Since the case is a wrongful termination case, irreparable losses are inherent to the situation, therefore, there would be no reasonable legal basis to deny the motion and the pending motion to dismiss filed by Defendant Lakefront Lines Inc. has no merit. The Defendant is guilty of depriving one of rights granted to all citizens.

COUNT TWO

VIOLATION OF TITLE 42 U.S.C. 1985 BY OBSTRUCTING JUSTICE AND DEPRIVING ONE OF RIGHTS GRANTED TO ALL CITIZENS.

1. The Defendants are guilty of depriving the Plaintiff of his right to Rule 65B as per exhibit #5.
2. After accepting the recommendation of Defendant Michael Newman, the court denied the motion for injunctive relief (exhibit #4).

THE DEFENDANT S ARE GIULTY OF VIOLATING 42 U.S.C 1985 OBSTRUCTING JUSTICE AND DEPRIVATION OF RIGHTS.

3.                           COUNT THREE

On 8/29/ 2017 Defendant, Judge Thomas Rose, in his official capacity as judge, dismissed case 3:17 cv 67 captioned Warren Easterling vs.  TJK-ELS WEST END. DBA Domino's Pizza for failure to state a claim (rule 12(B6)  when the Defendant (Domino's Pizza) as represented by Attorney Mark Maddox amended a first filed motion to dismiss(see exhibit #7) and argued the Plaintiff's failure to obtain a right to sue letter from the Ohio civil Rights Commission as the only basis to support the motion. The Plaintiff, as argued by  Maddox, attorney for Domino's, had a pending complaint with the civil rights commission which proves compliance with the Title VII requirement, therein confirming there is absolutely no basis to support a 12(B6) motion to dismiss, therefore, the court, as presided over by Thomas Rose, had no basis to grant the motion except to participate in a conspiracy for the deprivation of rights.

The court's decision was based upon the recommendation (exhibit #8) by Magistrate Michael Newman (Defendant) where the dismissal of the case would thwart the Plaintiff's motion for injunctive relief requesting he be returned to the employ of Domino's pending the outcome of the case.

The court's decision violated Twombley /Iqbal case law and the motion was filed in bad faith because the Defendant's argument of the Plaintiff not having obtained a right to sue letter not supporting any criteria proving the complaint must be dismissed.

The Plaintiff filed a motion for the recusal of Judge Thomas Rose  on 10/12/2018 (exhibit #9) which was found as moot (exhibit #11) and a motion for the relief of judgment (exhibit #10) on 10/12/2018 which was denied on 10/16/18  (exhibit #12).

COUNT THREE

VIOLATION OF 42 U.S.C. 1985 OBSTRUCTION OF JUSTICE AND DEPRIVING ONE OF RIGHTS GRANTED TO ALL CITIZENS

1. The Defendant participated in obstruction of justice and deprivation of right by authoring a motion in bad faith which was contrary to governing case law.
2. The Defendant granted a motion with no basis in law or case law.
3. . The Defendant recommended dismissal of a complaint with no basis in law or case law.
4. Defendant failed to recuse himself as requested by the Plaintiff in violation of 28 U.S.C. 144
5. The Defendant denied a Rule 60 motion for relief in support of a conspiracy for the deprivation of rights.
6. A perfectly sufficient case was dismissed.

THE DEFENDANT(S) IS GUILTY OF VIOLATION 42 U.S.C. 1985

# COUNT FOUR

On 5/1 /2017 Judge Thomas Rose dismissed case 3:16 cv 340 captioned Warren Easterling Vs. Cassano's Inc. Et.al., a wrongful termination case,  for failure to state a claim. The Defendant, Cassano's Inc. never argued and proved a legal basis for termination and their claim of insubordination is unsupported by evidence. In evidence is a notice of trespass issued by the Montgomery County Sherrif's Dept. at the request of Cassano's  trespassing the Plaintiff from the Defendant's place of business(exhibit 13)  , therein preventing the Plaintiff from reporting to work without being arrested, hence a termination without cause.

Termination without cause is a claim sufficient to be heard by the court, and the Defendant has no authority to dismiss the case where the judgment would be contrary to the evidence, and contrary to governing case law.

Judge Rose is one of the judges listed on page 3 of exhibit #1 where he is being notified of a conspiracy against rights initiated by Judge Walter Rice. The Plaintiff motioned for Judge Rose to recuse himself on 10/12/2018 (exhibit 14) and filed a motion for relief of judgment on 10/12/2018   herein referred to as exhibit #15.  Judge Rose ignored the recusal motion claiming it is moot and denied the motion for relief on 10/16/2018(see docket, exhibit #16).


COUNT FOUR

VIOLATION OF 28 U.S.C. 144

VIOLATION OF 42 U.S.C. 1985 OBSTRUCTION OF

JUSTICE AND DEPRIVATION OF RIGHTS


1. Thomas Rose had a duty to recuse himself based upon the narrative in exhibit #1 and his being named as a participant.
2. After dismissing the case on 5/1/2017 and having denied previously filed motion for relief filed on 5/9/2017 and acknowledging the existence of exhibit #1   and the fact of Cassano's failure to defeat exhibit #13, a notice of trespass which prevented the Plaintiff from reporting to work, the Defendant is obstructing justice and depriving the Plaintiff of the right to an independent unbiased third party to preside over the court.
3.  Judge Thomas Rose is granting dismissals in violation of governing case law to thwart injunctive filed by the Plaintiff.
4. The notice of trespass in exhibit #13 confirms a termination without cause, therefore, there is no basis for dismissal for failure to state a claim.

COUNT FIVE

VIOLATION OF 42 U.S.C. 1985

OBSTRUCTION OF JUSTICE AND DEPRIVING ONE OF RIGHTS GRANTED

TO ALL CITIZENS

ON September 21, 2017 the court, as presided over by Judge Thomas Rose in case 3:16 cv 375, granted a motion to dismiss filed on May 30, 2017 when there was an un-opposed motion for summary judgment filed by the Plaintiff on November 10, 2016.

VIOLATION OF 42 U.S.C. 1985

OBSTRUCTIN OF JUSTICE , DEPRIVATION OF RIGHTS

1. There would be no legal basis for Judge Rose to ignore the Plaintiff's right to be heard (Due Process) in favor of hearing a later filed motion to dismiss.
2. The Plaintiff would have won case 3:16 cv 375 without the overt act of Judge Rose ignore the un-opposed motion for summary judgment filed by the Plaintiff.
3. The Plaintiff's motion for summary judgment filed on Nov. 10, 2016 was ripe where the long wait until May 30, 2017 for the filing of a motion to dismiss is evidence of a conspiracy where the court needed a motion to dismiss to be filed to have a basis to dismiss the case, therein obstructing justice and depriving the Plaintiff of the right to be heard and the right to win.
4. Attorney Matthew Horwitz is responsible for filing the motion to dismiss which changed the course of the proceeding resulting in a void judgment which represents obstructing justice and deprivation of rights.
5. Matthew Horowitz is an assistant prosecuting attorney who has the duty to prosecute Judge Thomas Rose for violating U.S. Law, where his failure to prosecute confirms a conspiracy against rights.

14

6.  On 8/29/2017 the court as presided over by Judge Thomas Rose granted the defendant's motion to dismiss.

## COUNT SIX

In light of the dismissal of 3:16 cv 375 by Judge Thomas Rose the Plaintiff filed 3:17 cv 328 on 9/21/2017 where chief Judge Edmund Sargus Jr. presided.  On 10/05/2017 the Plaintiff filed a motion for injunctive relief in accordance with Rule 65B and on 10/13/2017 the Plaintiff filed a motion to amend his complaint with an amended federal question, amended complaint and certification of evidence.  On 10/26/2017 the Defendant's attorney filed a motion for extension of time which was not responded to by the court until 5/15/2018 ; The court has waited 7 months to respond to the Defendant motion and has never responded to the Plaintiff's motion to mend or the motion for injunctive relief. Hence the Plaintiff is not being heard and the motion for extension of time to respond to injunctive relief is a tool to obstruct justice. Injunctive relief is not injunctive if it is never heard. On 9/21/2018 the court dismissed the complaint for failure to state a claim.

The claim in the complaint was Judge Rose was in violation of 42 U.S.C. 1985 when he dismissed 3:16 cv 375 when there was a prior filed motion for summary judgment filed by the Plaintiff on Nov. 10, 2016 which was never heard by the Court, hence the court is refusing to hear the Plaintiff which confirms a conspiracy against rights and a complete absence of the Plaintiff's due process.

Still pending is a motion for Judge Sargus' recusal and a motion for relief of judgement filed by the Plaintiff.

## COUNT SIX

## VIOLATION OF 42 U.S.C.1985

1. Judge Sargus ignored the Plaintiff's motion to amend and motion for injunctive relief confirming deprivation of rights.
2. The motion to dismiss filed by Attorney Mark D'Allessandro was filed in bad faith where it argued the court's failure to give due process to the

15

Plaintiff's motion for summary judgment in case 3:16 cv 375 was not a cognizable claim for which relief can be granted.

3. Judge Sargus granted a dismissal based on a motion filed in bad faith which argued deprivation of rights therein confirming a conspiracy against rights resulting in a void judgment.

COUNT SEVEN

VIOLATION OF 42 U.S.C. 1985 OBSTRUCTING JUSTICE AND DEPRIVING ONE OF RIGHTS GRANTED TO ALL CITIZENS

On October 12, 2018 The Plaintiff filed a motion for relief of Judgment or order in accordance with rule 60B3 and 60B4 in act 3:13 cv 024 captioned Easterling vs. Mike Dewine (Ohio's Attorney General) where the claim in the case was 2323.52 of the Ohio Revised Code is and always was unconstitutional where the case was dismissed years earlier.

In support of the Plaintiff's 60B3 motion was the use of the ruling in **BULLOCH V. UNITED STATES 763 f. 2d 1115 1121(10th cir. 1985)** which confirms there is no statute of limitations on any judgment obtained using fraud therein eliminating any claim of a 1 year statute of limitations, where the Plaintiff would enoy stare decisis. Attorney Ann Yackshaw, arguing in bad faith, claim a statute of limitations which could not apply due to its failure to defeat Bulloch(exhibit #18).

Furthermore, the Plaintiff argued in 3:13 cv 024 that the State of Ohio has failed to produce a judgement from a court of competent jurisdiction, a federal court, confirming 2323.52 was indeed constitutional on all grounds or on the grounds the Plaintiff claim It was not. In **Martins v. Hunters Lessee 14 U.S. 304 (1816)** the Supreme court held that the Supremacy Clause and the judicial power granted in Article III gives the Supreme Court the ultimate power to review state court decision arising under the constitutional and U.S. Law, therefore, the state of Ohio could not enact any law which affects ones constitutional rights without the final say off the U.S. Supreme Court of

a federal district court using 28 U.S.C. 1331 in accordance with the judiciary act of 1789.

More importantly, the Plaintiff argued 2323.52 fails to be constitutional based upon the rulings in **Edgar v. Mite Corp., 457 U.S. 624(1982)** and **Ware v. Hylton, 3 U.S. (3 Dall.) 199(1796).** The Arguments posed by Attorney Ann Yackshaw in defense of Mike Dewine and the state of Ohio were knowingly authored in bad faith if the argument does not, as argued earlier, defeat Bulloch and these two cases, where stare decisis would apply. Additionally, the Tenth Amendment prevents a state from encroach upon powers enumerated to the federal government.

## Count Seven

### VIOLATION OF 42 U.S.C 1985

1. Defendant Ann Yackshaw argued in bad faith regarding a statute of limitation for a Rule 60B4 motion, despite the fact of the existence of Bulloch V. United States in the motion.
2. Ann Yackshaw argued in bad faith despite the fact of the Plaintiff using Edgar v. Mite  and Ware V. Hylton being used to support the motion where Supreme Court case law and the Supremacy Clause, from which the cases are derived, confirm U.S. law and the Constitution are the supreme law of the land.
3. Judge Black failed to hear and the Plaintiff's arguments where he committed fraud on the court and denied the motion where this is a void judgment(exhibit #19).

## COUNT EIGHT

On 7/28/ 2015 The Plaintiff filed case 3:15 cv 257 captioned Easterling Vs. Walter Rice and Jeremy Rose  in reference to Plaintiff's exhibit #1 which was authored by Judge Walter H. Rice and executed by senior Deputy U.S Marshall Jeremy Rose where Rose ordered the Plaintiff to be tazed and

placed the Plaintiff under arrest for attempting to make entry in to the federal building which houses the courts and the clerk of courts office to file a motion for summary judgment, a perfectly legal act under the Fourteenth Amendment of the U.S. Constitution.

On 7/28/2015 The Plaintiff filed a motion for injunctive relief to temporarily restrain the enforcement of the illegally obtained "order" which authored for an illegal purpose. On 9/08/2015 Judge Marbley denied the motion. On 2/22/2016 Judge Marbley granted the motion to dismiss for failure to state a claim filed by William B. King II on 10/21/2015. King's motion to dismiss failed to defeat exhibit #1, which was signed by Walter Rice along with the evidence from the Federal Marshall's in regards to the incident, use of force, and the arrest and release of the Plaintiff after four days in jail.

COUNT EIGHT

VIOLATION 42 U.S.C.1985 OBSTRUCTING JUSTICE AND DEPRIVING ONE O RIGHTS GRANTED ALL CITIZENS

1. Judge Marbley granted a 12(B6) dismissal in violation of governing case law where Plaintiff's exhibit #1 proved an injury in fact and confirms plausiblilty on its face.
2. Judge Marbley denied injunctive relief when exhibit #1 was not defeated.
3. Jeremy Rose admits or failed to deny he ordered the Plaintiff to be tazed and order his subordinates to take the Plaintiff into custody.
4. William King authored a motion to dismiss in bad faith without defeating any evidence, such as exhibit #1, where this is evidence of a conspiracy.

COUNT NINE

VIOLATION OF 42 U.S.C. 1985

In case 3:14 cv 314 captioned Easterling vs. Barbara Gorman (Judge) the court, presided over by Walter Rice dismissed the case which made jurisdiction using 28 U.S.C. 1331 for failure to state a claim. This represents a failure of due process based the existence of Plaintiff's exhibit #1 where the beginning of a conspiracy against rights. The Plaintiff would never have opportunity to win due to his being stigmatized as a vexatious litigator. On 10/20/2014 the Plaintiff filed a motion for recusal.

The subject matter was in regards to case 2009 cv 8468 captioned Easterling vs. Croswell Bus Lines Inc. where Croswell was granted summary judgment; The Plaintiff subsequently appealed the ruling claiming it was improper for summary judgment to be granted to Croswell because the Plaintiff could argue several genuine issues to material facts which would make summary judgment in Croswell's favor unlawful. The Plaintiff filed five cases in common pleas court to claim and prove res judicata did not exist because of the existence of the genuine issues to material facts where all of those cases were dismissed based upon res judicata.

On 10/16/2014 a motion to dismiss was filed by Attorney Brian Spiess which could not defeat the genuine issues to material fact argued by the Plaintiff as the basis for his claim of his rights being violated pursuant to Rule 56, therefore the motion was filed in bad faith a was meant to encourage a conspiracy between Judge Rice and Defendant Barbara Gorman. On 4/17/2015 Magistrate Sharon Ovington recommended dismissing the case and denying the motion for recusal. On 4/28/2015 the court adopted Magistrate Ovington's recommendations.

COUNT NINE

VIOLATION OF 42 U.S.C. 1985

OBSTRUCTION OF JUSTICE AND DEPRIVATION OF RIGHTS

1. Magistrate Sharon Ovington Recommended denying a motion for recusal when she had personal knowledge of the Plaintiff being arrested and charged with criminal contempt for violating exhibit #1.
2. Brian Spiess authored a motion to dismiss, in bad faith aimed at encouraging a conspiracy against rights, which could not defeat the multiple genuine issues to material facts which made the Plaintiff's claim of his rights pursuant to Rule 56 being violated valid. Therefore, Spiess knew his motion to dismiss had absolutely no merit.

FEDERAL QUESTION  #1

Did the Defendant violate the Plaintiff's right to due process which involves a court presided over by and independent unbiased third party where the bias resulted in a conspiracy against rights resulting in void judgments?

FEDERAL QUESTION #2

Did the Defendants violate Rule 65B of F.R.C.P. by not granting injunctive relief in accordance with rule 65B immediately or entirely .

**Wherefore**, the Plaintiff asked the court for a judgment in favor of the Plaintiff requiring compensatory damages in the amount of ($2,250,000)

Two million, two hundred fifty thousand dollars.

Truly,

Warren Easterling

Plaintiff/ Attorney Pro Se

71 Arlington Ave.

Dayton, Oh. 45417

937.263.1913

likesprettyfeet@yahoo.com